UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Virginia L. Johnson, et al., | No. 2:20-cv-00138-KJM-DB |
| Plaintiffs, | ORDER |
| v. | |
| Merck & Co., Inc., et al., | |
| Defendants. | |

This matter is before the court on defendants' motion to reopen discovery. The court submitted the matter without oral argument. Because defendants have not established good cause to reopen discovery, the court **denies** the motion.

**I.    BACKGROUND**

In its scheduling order, issued in May 2020, the court determined that fact discovery would be completed by February 1, 2021, and all expert discovery would be completed by April 30, 2021. *See* Minutes, ECF No. 10. The court ultimately set dates for completing expert disclosures and exchanging supplemental and rebuttal expert witnesses as May 10, 2021, and May 30, 2021, respectively. *See* Order, ECF No. 25.

Defendants' former counsel, Thomas Yen, conducted only minimal discovery. He did not, for instance, depose all plaintiffs, depose any of plaintiffs' expert witnesses, conduct independent medical examinations of all plaintiffs, disclose a single rebuttal or supplemental

1

expert witness after receiving plaintiffs' expert witness disclosure, or issue all necessary subpoenas. *See* Am. Mot. Reopen at 6–7,[1] ECF No. 36-1.

On August 17, 2021, defendants' counsel withdrew. *See* Not. Of Withdrawal, ECF No. 27. On November 1, 2021, defendants filed for substitution of counsel, *see* ECF No. 31, and the court granted the request on November 19, 2021, *see* ECF No. 33. On November 19, 2021— roughly six months after the completion of expert disclosures and exchange of rebuttal expert witnesses, seven months after the close of all expert discovery, and ten months after the close of fact discovery—defendants filed their motion to reopen discovery. *See generally* Mot. Reopen, ECF No. 34-1. Plaintiffs oppose the motion. *See generally* Opp'n, ECF No. 40. The court submitted the motion without a hearing and resolves it here.

## II.  LEGAL STANDARD

A moving party must show good cause to modify a scheduling order. Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The "good cause" standard also applies to requests to reopen discovery. *See, e.g.*, *Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) (applying *Johnson* "good cause" requirement to motions to reopen discovery); *Yeager v. Yeager*, No. 2:06-001196, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (noting party must show "good cause" to reopen discovery).

Specific factors courts consider when analyzing a motion to reopen discovery include:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*United States, ex rel. William Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (1995) (citing *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)). Of these six factors, the primary factor is the fourth: whether the moving party was diligent in its attempts to complete discovery

---

[1] To avoid confusion, pages cited here are those printed on the top right page of the document by the CM/ECF system.

2

in a timely manner.  *See Johnson*, 975 F.2d at 609.  If the moving party was not diligent, the inquiry should end, and the request should be denied.  *Id.*

The decision to reopen discovery involves an exercise of discretion.  *Hughes Aircraft Co. v. United States, ex rel. William Schumer*, 520 U.S. 939, 952 (1997).  "Motions are more often granted when the opposing party's actions caused delay or when the need to amend arises from some unexpected or outside source."  *Fed. Deposit Ins. Corp. as Receiver for Butte Cmty. Bank v. Ching*, No. 13-01710, 2016 WL 1756913, at *2 (E.D. Cal. May 3, 2016) (citing *Hood v. Hartford Life and Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1225–26 (E.D. Cal. 2008)).

### III.   ANALYSIS

Courts use a three-step inquiry in assessing diligence for the purposes of determining good cause under Rule 16:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Grant v. United States*, No. 11-00360, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)).

Defendants fall short at each step of this inquiry.  As to step one, defendants claim "[o]ne of the fundamental issues here is that the Court ordered the extension of expert disclosures, without extending the expert witness discovery window," Am. Mot. Reopen at 5, which "made it impossible to comply with the discovery deadlines," *id.*  It is true that expert disclosures were due ten days before the close of expert discovery and supplemental and rebuttal expert witness disclosures were due thirty days before the close of expert discovery.  But this is a problem attributable at least in part to defendants: The parties' stipulation to extend expert witness disclosure deadlines provides that the extension was made "*at the request of the defendant.*"  Stip.

1  at 2, ECF No. 22 (emphasis added).  Diligent counsel would have requested a later date for
2  completing all expert discovery.  From this vantage point, while it is water under the bridge, the
3  parties' filing did not meet the requirement to "assist[] the court in creating a workable Rule 16
4  Order."[2]  *Grant*, 2011 WL 5554878, at *4 (quoting *Jackson*, 186 F.R.D. at 608).

5        Second, defendants point to no evidence that their noncompliance was due to
6  developments that could not have been reasonably foreseen or anticipated at the time of the Rule
7  16 scheduling conference.  Without such evidence, the court assumes there is none.  To the extent
8  defendants implicitly suggest they could not have foreseen former counsel's seeming indifference
9  toward this case, the court disagrees.  Defendants argue that former counsel's discovery efforts
10 have been unsatisfactory since the inception of this case.  *See* Am. Mot. Reopen at 5–7.
11 Nevertheless, defendants continued to retain former counsel until mid-August 2021, well after the
12 discovery deadlines had passed.  Furthermore, defendants did not substitute new counsel until
13 November 2021, almost three months later.  They "could have taken these deadlines into account
14 when deciding to replace . . . counsel," *Yeager*, 2009 WL 1159175, at *2, but did not.

15       As to the third and final step in the inquiry, defendants were not diligent in seeking
16 amendment of the Rule 16 scheduling order once it became apparent they could not comply with
17 the order.  Fact discovery ended on February 1, 2021.  Expert disclosures were due by May 10,
18 2021.  As noted, supplemental and rebuttal expert witnesses were due by May 30, 2021.  And all
19 expert discovery was to be completed by April 30, 2021.  Yet, defendants did not file their
20 amended motion to reopen discovery until November 23, 2021, after the final pretrial conference.
21 *See generally* Am. Mot. Reopen.  This chronology does not reflect the required diligence.

22       Defendants' argument to the contrary is unpersuasive.  Defendants claim they "should not
23 have to suffer the prejudice of having a counsel who failed to conduct discovery." *Id.* at 7.  The
24 court disagrees.  Defendants are "ultimately responsible for the acts and omissions of the
25 /////

---

[2] Defendants emphasize that previous counsel missed several deadlines, implicitly assuming previous counsel would have honored an extended deadline in this respect while disregarding several other deadlines in this case.  The record as a whole does not support such an assumption.

representatives [they] voluntarily choose[]; [they] cannot now avoid their consequences." *Yeager*, 2009 WL 1159175, at *2 (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962)).

The court acknowledges the limited discovery obtained by former counsel and the difficult position in which it has left defendants. Reopening discovery could well lead to the identification of relevant evidence. But the primary factor in determining whether good cause exists to reopen discovery is whether the moving party was diligent in its attempts to complete discovery in a timely manner. *See Johnson*, 975 F.2d at 609. If the moving party was not diligent, the inquiry should end, and the request should be denied. *Id.* Because the record here demonstrates a lack of diligence, defendants have not shown good cause to reopen discovery.

**IV.  CONCLUSION**

For the foregoing reasons, the court **denies** defendants' motion to reopen discovery.

This order resolves ECF No. 36.

IT IS SO ORDERED.

DATED: January 25, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE